UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY SNYDER, | ) | |
| | ) | **JURY DEMAND** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CAUSE NO:** |
| | ) | |
| VANDERBILT UNIVERSITY | ) | |
| MEDICAL CENTER, | ) | **Judge:** |
| | ) | |
| Defendant. | ) | **Magistrate Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  Nature of the Case

1.      Plaintiff, Anthony Snyder ("Snyder"), brings his Complaint against Defendant, Vanderbilt University Medical Center ("Defendant"), for its discriminatory actions towards his based on his disabilities and for retaliation in violation of the Americans with Disabilities Act, as amended, ("ADAA") 42 U.S.C. § 12101 et. seq., for violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et. seq., and for violations of the Tennessee Disability Act, TCA § 8-50-103 et. seq. ("TDA").

### II.  Parties

2.      Snyder is a citizen of the United States and has resided within the State of Tennessee at all relevant times hereto.

3.      Defendant is a non-profit corporation that is located and conducts business within the geographic boundaries of the Middle District of Tennessee at all times relevant to this action.

## III. Jurisdiction and Venue

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. §2617(a)(2); and, and 42 U.S.C. § 12117.

5. Snyder' state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4), the TDA, and 42 U.S.C. § 12111(5)(A).

7. Snyder, at all times relevant hereto, was an "employee" as that term is defined by the THRA, and the ADAA.

8. Snyder is a qualified individual as that term is defined by the ADAA, 42 U.S.C. § 12111(8) and TDA. At all relevant times, Defendant had knowledge of Snyder's disability and/or it regarded Snyder as being disabled and/or Snyder has a record of being disabled.

9. Snyder satisfied his obligation to exhaust his administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 494-2022-01435 alleging discrimination based on disability, and retaliation. Snyder received his Notice of Suit Rights and timely files this action.

10. Snyder was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2) of the FMLA

2

11.     All events pertinent to this lawsuit have occurred in the legal environs of the Middle District of Tennessee, thus venue in this court is proper.

## IV.  Factual Allegations

12.     Snyder began working for the Defendant through a temporary service on January 4, 2020, as a Patient Service Specialist ("PSS"). Snyder was permanently hired by the Defendant on September 9, 2021, as a PSS who works "PRN" or as needed. Snyder consistently worked 40 hours per week with the Defendant.

13.     At all times relevant, Snyder met or exceeded the Defendants' legitimate performance expectations.

14.     Snyder is a qualified individual with a disability and/or has a record of disability and/or is regarded as disabled within the meaning of the ADAA.  Snyder has mental disabilities that limit him in major life activities. Defendant was fully aware of his disabilities. Specifically, Snyder has the disabilities of Borderline Personality Disorder, Anxiety, PTSD, Major Depressive Disorder, Bi-Polar Disorder, and Grade 2 Bilateral Varicoceles.

15.     Snyder requested an accommodation for his Grade 2 Bilateral Varicoceles in August of 2021, but was denied because Defendant contends that he was not entitled to an accommodation because he was a "temporary employee."

16.     Moreover, Snyder was denied FMLA leave – the Defendant contends that he is not entitled to FMLA leave because he is PRN – despite the fact that he worked 40 hours per week, had worked for over a year for the Defendant, and had worked 1,250 hours in a 1-year period.

17.     Snyder has been harassed, subjected to a hostile work environment, and subjected to different terms and conditions of employment due to his disabilities by his supervisors, Andrea Wismer ("Wismer"), Russell Kunich ("Kunich") and Andrea Hart ("Hart"). For example, Snyder was not taken off PRN status and hired full-time after several requests. Snyder did not get benefits while on PRN status.

18.     However, the Defendant hired 3 or 4 other people into full-time PSS positions during Snyder's tenure. Additionally, Snyder requested a laptop and the ability/accommodation to work from home during a snowstorm. He was told no, but similarly-situated PSS's were given a laptop and are allowed to work from home.

19.     Snyder was harassed to the point that in December 2021, he engaged in a protected activity and filed a complaint with Defendant's Human Resources/Privacy Office. On or about January 13, 2022, Hart and Kunich met with Snyder – they let him know they knew all about the complaint he filed, and they assessed him for 19 attendance violations at once. Hart and Kunich stated they would work with him and cut the violations down to 6. Snyder asked for the attendance policy and records of his alleged attendance violations, but none was provided. A similarly-situated co-worker, Malik Wilson, is late almost every day and is not given attendance violations.

20.     Snyder was placed on a final warning and, as a result, it was impossible for him to transfer to another position.

21.     The discriminatory discipline and harassment exacerbated Snyder's disabilities to the point he has suffered greatly and missed time from work. On February 9, 2022, Snyder filed another complaint with the Defendant.

4

22.     Snyder had a crisis while at work and was on the phone with Defendant's employee assistance counselor when Wismer happened upon the phone call. Wismer told Snyder that if he could not pull it together that he needed to go home, but it would count as an attendance occurrence. Hart has also referred to Snyder as a "liability."

23.     As a result, in March 2022, Snyder engaged in a protected activity and filed EEOC Charge No: 494-2022-01435 against the Defendant based on disability and retaliation.

24.     Snyder has not been offered any hours to work for the Defendant since May 17, 2022 – even though he remains an employee. As such, he has been effectively terminated by the Defendant.

## V.  Causes of Action

### Count I – Violations of the FMLA

25.     Snyder hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint.

26.     Defendant interfered with and denied Snyder FMLA leave.

27.     Defendant's actions are intentional, willful and in reckless disregard of Snyder's rights as protected by the FMLA.

28.     Snyder suffered and continues to suffer damages because of Defendant's unlawful actions.

### Count II – Violations of the ADAA

29.     Snyder hereby incorporates by reference paragraphs one (1) through twenty-eight (28) of his Complaint.

30. Snyder was harassed – subjected to a hostile work environment, discriminated against, denied an accommodation, denied transfer, denied work hours, and constructively discharged/terminated due to his disabilities.

31. Defendant's actions are in violation of the ADAA.

32. Defendant's actions were willful, intentional, and done with reckless disregard for Snyder' civil rights.

33. Snyder has suffered injury as a result of Defendant's unlawful actions.

## Count III. ADAA Retaliation Claim

34. Snyder hereby incorporates paragraphs one (1) through thirty-three (33) of his Complaint.

35. Defendant violated Snyder' rights by subjecting him to a hostile work environment, denying him an accommodation, constructively discharging/terminating/reducing work hours due to retaliating against him for engaging in a protected activity and his complaints about harassment and discrimination and/or his request for an accommodation pursuant to the ADAA.

36. Defendant's actions were intentional, willful and in reckless disregard of Snyder' rights as protected by the ADAA.

37. Snyder has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## Count IV - TDA Claim

38. Snyder hereby incorporates paragraphs one (1) through thirty-seven (37) of his Complaint.

39.     Snyder was harassed – subjected to a hostile work environment, discriminated against, denied an accommodation, denied transfer, denied work hours, and constructively discharged/terminated due to his disabilities.

40.    Defendant's actions are in violation of the TDA.

41.     Defendant's actions were willful, intentional, and done with reckless disregard for Snyder' civil rights.

42.     Snyder has suffered injury as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Anthony Snyder, by counsel, respectfully requests that this Court find for Plaintiff and:

1.    Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability or retaliation for engaging in a protected activity;

2.   Award Plaintiff liquidated damages for Defendant's willful violation of the FMLA;

3.   Reinstate Plaintiff to his former position with corresponding seniority, shift, pay and benefits or award front pay in lieu thereof;

4.    Order that the Plaintiff be awarded lost wages, including fringe benefits, lost holiday and overtime, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

5.     Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an

amount sufficient to compensate Plaintiff for the damages caused by the Defendant's

wrongful actions;

6. Award the Plaintiff punitive damages;

7. Award the Plaintiff her attorney's fees, litigation expenses, and costs

incurred as a result of this action;

8. Award the Plaintiff pre- and post-judgment interest on all sums

recoverable; and,

9. Grant all relief available under the statute(s) for which this action is

brought and any other relief as may be just and proper.

Respectfully submitted,

s/*Kyle F. Biesecker*_____
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone:    (615) 783-2171
Facsimile:    (812) 424-1005
E-Mail:        kfb@bdlegal.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

The Plaintiff, Anthony Snyder, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

_s/Kyle F. Biesecker_
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone:     (615) 783-2171
Facsimile:      (812) 424-1005
E-Mail:         kfb@bdlegal.com

*Attorneys for Plaintiff*